## CLARK, BROS. & CO. *v.* POWELL & CO.

*Garnishees being stakeholders are liable only for the sum which they owe the defendants, and should not be made to pay interest until they are in default, as the garnishment process prohibits them from paying until ordered by the court. They are required to pay the attaching creditors only such sum as they may owe the defendants on a full and final settlement of their accounts.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *J. A. Rozier* and *Durant & Hornor* for plaintiffs. *W. H. Hunt et al.* for defendants. *Bonford, Singleton & Clack,* *C. Roselius* and *Gailher & McPheeters* for intervenors and appellants.

HOWELL, J. This is another of the series of attachment suits against those defendants which were consolidated and tried together in the court below and brought up in one transcript, two of which are just decided.

Plaintiffs obtained judgment against the defendants and the garnishees, James Connoly & Co., for the sum of $712 33, with interest and costs, said sum being the balance declared to be due defendants by the garnishees, from which judgment the latter appealed and the plaintiffs have joined in the appeal, asking judgment for the whole amount of their claim, $3,300. The defendants are made parties to the appeal. The garnishees being stakeholders are liable only for the sum which they owe the defendants and should not be made to pay interest until they are in default, as the garnishment process prohibited them from paying until ordered by the court.

By the change made in the sum awarded to Osborne & Tolle by the decision first rendered, the balance in the hands of the garnishees is increased to $858 68, to which plaintiffs in this suit are entitled, as second attaching creditors.

We do not understand the necessity of rendering judgment in favor of the garnishees against the defendants for the amount which their account current shows to be in their favor, when it also shows a larger sum due the defendants. As garnishees, they are required to pay the attaching creditors only such sum as they may owe the defendants on a full and final settlement of their accounts, which, in this case, is the said sum of $858 68.

The judgment must be amended so as to give plaintiffs the said amount in the hands of the garnishees.

It is therefore ordered that the judgment of the District court be amended, and that plaintiffs recover of defendants, *in solido,* the sum of $3,300, with legal interest from judicial demand, and costs of the lower court, and with privilege on the property attached. It is further ordered that the demand of intervenors be dismissed, with costs, and that plaintiffs recover of Jas. Connoly & Co., garnishees, *in solido,* the sum of $858 68 (being the balance in their hands due defendants), with legal interest from the maturity of this judgment; and that said Connoly & Co., appellants, pay costs of appeal.